Exhibit F

# Greenberg
# Traurig

Louis Smith
Tel. (973) 360-7915
Fax (973) 301-8410
smithlo@gtlaw.com

July 6, 2007

**VIA FEDERAL EXPRESS**
**AND FACSIMILE**

Joseph M. Mott
Deputy General Counsel
HealthExtras, Inc.
800 King Farm Boulevard
Rockville, Maryland 20850

    Re:    American Express Travel Related Services Company, Inc.
             and Amex Assurance Company (collectively, "Amex")

Dear Joe:

    I am writing in response to your letter to me dated June 21, 2007, which enclosed a proposed Transition Services Agreement.

    As Amex has previously indicated, per the time frame set forth in the Letter Agreement, Amex Assurance will begin performing the servicing function effective January 1, 2008. While Amex has the right under the Letter Agreement to extend the term for an additional year, Amex will not be extending the term.

    The language in the proposed agreement reflects an effort by HealthExtras ("HE") to continue to provide servicing into 2008 and beyond. This is completely unacceptable to Amex and is inconsistent with our discussions over many prior months. HE invokes Section 18(b)(vi) of the Marketing Agreement, titled "Transfer Assistance," which states in part: "HEALTHEXTRAS shall, upon AMEX' request, provide the following assistance . . ." (emphasis added). The provision allows Amex to determine what support, if any, it wants from HE, and HE provides that requested support. Amex has not requested, and does not request, that HE provide any services or support in 2008 or beyond. Instead, as has repeatedly been stated to HE, Amex only seeks to have HE provide the assistance required so that Amex Assurance can take over the servicing function effective January 1, 2008.

    The services required of HE for transfer assistance is limited to providing Amex with certain requested information. Thus, Amex requests and demands that HE provide it with the following information for each enrollee:

    1)    the name of the Cardmember and his or her card number and member number;

ALBANY
AMSTERDAM
ATLANTA
BOCA RATON
BOSTON
BRUSSELS*
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MIAMI
MILAN*
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PHILADELPHIA
PHOENIX
ROME*
SACRAMENTO
SILICON VALLEY
TALLAHASSEE
TAMPA
TOKYO*
TYSONS CORNER
WASHINGTON, D.C.
WEST PALM BEACH
ZURICH
*Strategic Alliance
Tokyo-Office/Strategic Alliance

Greenberg Traurig, LLP | Attorneys at Law | 200 Park Avenue | P.O. Box 677 | Florham Park, NJ 07932-0677
Tel 973.360.7900 | Fax 973.301.8410

www.gtlaw.com

Exhibit F

Joseph M. Mott
July 6, 2007
Page 2

---

    2) any business indicator, which will permit Amex to differentiate between business and consumer enrollments, and the business name;

    3) the name, address, and phone number of the primary enrollee;

    4) primary Included In coverage identifier;

    5) cell code assigned to each policy;

    6) names, dates of birth, and beneficiary information of all Covered Person(s);

    7) billing cycle information (i.e., monthly, annual, quarterly);

    8) policy effective date and termination date;

    9) option code;

    10) coverage history (including coverage amount, coverage effective date, coverage expiration date); and

    11) policy issue date and paid to date, along with all the call history notes - (including date, subject, and text).

Amex will pay HE its reasonable costs for providing this information.

    While this information is currently in the custody or control or HE, it is indisputably the property of Amex. Amex hereby demands that the items set forth above, which are the property of Amex, be immediately provided by HE to Amex.

    The draft agreement also contains a provision addressing "Use of HEI Developed or Jointly Developed Materials." The draft agreement then attaches a list of phrases. As we have previously and repeatedly indicated, Amex is not in the abstract going to preclude itself from using certain words or phrases. Instead, to address this matter, we must see the specific materials that HE contends it developed and which it seeks to preclude Amex from using.

Joseph M. Mott
July 6, 2007
Page 3

---

While I understood that such materials would be forthcoming to address this issue, they have never been provided to me. We once again repeat our request for such materials.

Sincerely yours,

Louis Smith

LBS/smh

cc: David T. Blair, CEO, HealthExtras, Inc. (via FedEx)