**Exhibit G**

Case 1:07-cv-06986-NRB    Document 13-11    Filed 10/10/2007    Page 1 of 3



HealthExtras, Inc.
800 King Farm Boulevard
Rockville, MD 20850
Telephone: 301.548.2900
Facsimile: 240.268.3120

July 20, 2007

Louis Smith, Esq.
Greenberg Traurig LLP
200 Park Avenue
Florham Park, NJ 07932

*Via Fax (973/301-8410)*
*and Regular Mail*

Re:   The Accidental Disability Plan

Dear Lou:

This is to acknowledge your letter dated July 6, 2007, in which you notified HealthExtras, Inc. (HEI) that your client, American Express Travel Related Services ("Amex") has elected to terminate the Letter Agreement of June 23, 2006 as of December 31, 2007. HEI further acknowledges Amex's request for transfer assistance as outlined in your letter.

However, before the parties can proceed further, HEI needs to know which of the transfer assistance options Amex is electing under paragraph 18(b)(vi) of the September 1999 Marketing Agreement. Is Amex requesting HEI to provide the Accidental Disability Plan to Amex Enrollees for two (2) years after termination of the September 1999 Marketing Agreement as provided in subparagraph (i) of paragraph 18(b)(vi)? Or, is Amex requesting HEI to transfer the Accidental Disability Plan to Amex during a 180 day period after the expiration of the Enrollees' enrollment period with HEI per subparagraph (ii) of paragraph 18(b)(vi)? Or, as your letter seems to suggest, is Amex requesting a hybrid of the two transfer assistance provisions, whereby the Accidental Disability Plan continues for two (2) years after termination of the September 1999 Marketing Agreement, but with Amex taking over the servicing function for the Amex Enrollees for that two (2) year period? Your letter asked that the transfer assistance be provided immediately, but the timing of the transfer assistance Amex has requested is dependent on the particular election Amex is making.

Let me again emphasize that HEI is prepared to provide the transfer assistance Amex has requested, but there are a number of important unanswered questions. For example, transfer assistance can only be requested by Amex upon the termination or expiration of the September, 1999 Marketing Agreement. HEI believes that these questions are best dealt with in the context of a formal written agreement along the lines of the draft Transition Services Agreement I sent you previously, as opposed to trying to memorialize the terms through an exchange of correspondence between counsel. In order to meet Amex's proposed objectives, it would be helpful if the principals for each side met in person to discuss these matters. Therefore, I would encourage a meeting of executives from both sides as soon as practicable as David Blair suggested in his May 29, 2007 letter to Naeemah Ruffin.

Exhibit G

Louis Smith, Esq.
July 20, 2007
Page 2

Thank you for your attention in this matter, and I look forward to your response.

Yours sincerely,

Joseph M. Mott
Deputy General Counsel

cc:    David T. Blair, Chief Executive Officer