# CALINOFF & KATZ LLP

ROBERT A. CALINOFF
rcalinoff@canklaw.com

*Endorsement*

Application denied: defendants has apparently had the moving papers since August 3, 2007 and the dispute between the parties has been ongoing since June.

So Ordered,

[signature] USDJ
8/10/07

August 8, 2007

VIA FACSIMILE
Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan United States Courthouse
United States District Court for the Southern
District of New York
500 Pearl Street
Room 2270
New York, N.Y. 10007

[Stamp: U.S. DISTRICT COURT FILED OCT 10 2007 S.D. OF N.Y.]

Re: American Express Travel Related Services Company, Inc. vs HealthExtras, Inc.
Civil Action No. 07 CV 6986 (NRB)

Dear Judge Buchwald:

We are counsel to, Defendant, HealthExtras, Inc. in the above matter. We are writing to request an extension of the time requirements set forth in the Show Cause Order entered by the Court on Monday, August 6, 2007. In accordance with paragraph 1(E) of the Court's Individual Practices, we represent as follows:

1. This action was filed on Friday, August 3, 2007. On Monday, August 6, 2007 the Court granted the Plaintiff's *ex parte* Order to Show Cause for Preliminary Injunction setting the following dates: HealthExtras' answering papers due by August 15, 2007 at noon; American Express' reply papers due by August 20, 2007 at noon; and a Show Cause Hearing before the Court scheduled for August 22, 2007 at 10:30 a.m.

2. There have been no previous requests for adjournment or extension by HealthExtras. HealthExtras has not to date been served with, process, to our knowledge. The answering papers will be its initial response in the case.

3. This is the first request for an extension. There have been no prior grants or denials of a request for extension of time.

4. A request for extension of time was made by our co-counsel, Joseph M. Mott, to counsel for American Express, Louis Smith, on Tuesday, August 7, 2007. Mr. Mott advises that he requested that HealthExtras be permitted to file its papers 8 business days later, on or before Monday, August 27, 2007 with American Express' reply due by August 31, 2007, and the Show Cause Hearing, subject to the Court's schedule, to be set during the week of September 4 – 7,

**CALINOFF & KATZ** LLP

Honorable Naomi Reice Buchwald
August 8, 2007
Page 2

2007, or the following week, September 10 – 14, 2007. After conferring with his client, Mr. Smith advised Mr. Mott that American Express would not consent to any extension of time, citing his client's belief that it needs the information, at issue, provided by October 1, 2007 in order to ensure that his client could take control of HealthExtras' accidental disability plan program by January 1, 2008. Mr. Mott responded by stating to Mr. Smith that there is no basis for concluding that, if the Court ordered the relief American Express seeks in early September, that the American Express' deadline of October 1, 2007 could not be met, and secondly, that the October 1, 2007 and January 1, 2008 deadlines were artificial deadlines set by American Express. He then informed Mr. Smith that HealthExtras was prepared to continue to provide the needed services to continue the program as currently administered for the indefinite future, and consequently, the only true consideration involved in the transfer was an economic issue. Mr. Smith's response was to repeat his concern that American Express be able to take complete control over the HealthExtras program by January 1, 2008.

HealthExtras requests this modest extension of time in order to familiarize outside counsel with the facts and background of the case and to prepare its response to American Express' Motion for Preliminary Injunction, as well as to prepare and file other related pleadings. In view of the fact that HealthExtras was only made aware of the pendency of this action 3 business days ago, HealthExtras respectfully requests that the Court grant its request for an extension of time. A proposed Revised Show Cause Order is attached, and counsel are available for a telephone conference if required by the Court.

Yours sincerely,

Calinoff & Katz, LLP

By: _____
Robert A. Calinoff, Esq.

RAC/slb
cc: Louis Smith, Esq., Greenberg & Traurig LLP (via facsimile)
   Joseph M. Mott, Esq, HealthExtras, Inc.
   Thomas A. Lynch, Esq., Miles & Stockbridge, PC
   E. Hutchinson Robbins, Esq., Miles & Stockbridge, PC