UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC.,<br><br>       Plaintiff,<br><br>v.<br><br>HEALTHEXTRAS, INC.,<br><br>       Defendants. | CIVIL ACTION NO. 07 cv 6986 (NRB) |

---

**DECLARATION OF LOUIS SMITH IN REPLY TO OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION, OR IN THE ALTERNATIVE, A WRIT OF REPLEVIN**

---

LOUIS SMITH hereby declares as follows:

1.      I am a Shareholder with Greenberg Traurig, LLP, counsel for plaintiff American Express Travel Related Services Company, Inc. ("AXP").  I have personal knowledge of the facts set forth herein.

2.      I also serve as counsel for AXP in a matter pending in the United States District Court, District of Massachusetts, captioned Peguero v. American Express Company and HealthExtras, Inc., Civil Action No. 05-10995.  Attached hereto as Exhibit A is a true and correct copy of the docket sheet as of August 17, 2007, in that case.

3.      In the Peguero case, AXP served a Third-Party Complaint against HealthExtras, Inc. ("HealthExtras") seeking indemnification.  In response, HealthExtras filed a motion to dismiss based on AXP's alleged noncompliance with the "Alternate Dispute Resolution" procedure set forth in Section 20(e) of the Marketing Agreement

entered into by AXP and HealthExtras.  See Exhibit A, Docket Entries 51 and 52.  A true

and correct copy of HealthExtras' Motion to Dismiss is attached hereto as Exhibit B.

AXP opposed the motion.  Exhibit A, Docket Entry 54.  HealthExtras was granted leave

to file reply papers, and in fact filed such papers.  Id., Docket Entries 60 and 65.

    4.    After the matter was fully briefed, the Honorable Reginald C. Lindsay

entered the following Order denying HealthExtras' motion:

> Electronic ORDER entered denying 51 Motion by
> HealthExtras to Dismiss the Third-Party Complaint.  Under
> New York law, a court will only enforce a provision
> making Alternative Dispute Resolution (ADR) a condition
> precedent to litigation if that contractual requirement is
> "clear, explicit and unequivocal,... and [does]... not
> depend on implication or subtlety."  Thomas Crimmins
> Contracting Co. v. City of New York, 542 N.E.2d 1097,
> 1099 (N.Y. 1989).  In this contract, there is no such "clear,
> explicit and unequivocal" statement that participation in
> ADR is a condition precedent to bringing suit against
> HealthExtras.  Furthermore, even if there were such a
> requirement, HealthExtras may have waived or forfeited it
> through its failure to make a timely assertion of its desire to
> participate in ADR. (RCL, law1) (Entered:  06/23/2006)

Id., Docket Entry on June 23, 2006.

    5.    The dispute regarding indemnification obligations for the Peguero case

was resolved by AXP and HealthExtras in the Letter Agreement.  See Letter Agreement,

Section 5(b) (attached as Exhibit C to the Declaration of Julie Campling dated August 1,

2007).  Thus, there are no claims pending between AXP and HealthExtras in the Peguero

case.

    6.    After the Letter Agreement had been entered into, several disputes and

issues between AXP and HealthExtras arose.  Starting in January 2007 and moving

forward, I had a series of discussions with Joseph M. Mott of HealthExtras regarding

these matters.  One of the issues that was addressed was the timing and scope of the

assistance HealthExtras was to provide to allow the servicing function to be transferred to Amex Assurance Company ("Amex Assurance"). Attached hereto as Exhibit C is a true and correct copy of a May 14, 2007, letter I sent to Mr. Mott that addresses, among other things, Amex Assurance taking over the servicing function and the need for support from HealthExtras, including providing all enrollee data.

7.      In response to that May 14, 2007, letter, per a letter from David Blair of HealthExtras to Naeemah Ruffin of AXP dated May 29, 2007, HealthExtras invoked the "Alternate Dispute Resolution" procedure under Section 20(e) of the Marketing Agreement, and sought a meeting among executives. True and correct copies of the that May 29, 2007, letter of David Blair, and a cover letter also dated May 29, 2007, from Mr. Mott to me, are attached hereto as Exhibit D.

8.      In response, I sent a letter to Mr. Mott dated June 15, 2007, which set forth AXP's position that "Alternate Dispute Resolution" procedure did not apply to the present situation. The letter again addressed transferring the servicing function to Amex Assurance and the support required from HealthExtras, including providing all enrollee data on or before October 1, 2007. A true and correct copy of that letter is attached hereto as Exhibit E.

9.      HealthExtras responded by letter from Mr. Mott to me dated June 21, 2007, which enclosed a proposed draft Transition Services Agreement. True and correct copies of that letter and the proposed agreement are attached hereto as Exhibit F. That letter did not address the "Alternate Dispute Resolution" procedure. Moreover, at no time did HealthExtras ever initiate mediation proceedings under the "Alternate Dispute Resolution" procedure.

10.    Per a letter application dated August 8, 2007, HealthExtras requested that the Court extend the deadlines set forth in the Order to Show Cause entered on August 8, 2007.   A true and correct copy of that letter from counsel for HealthExtras is attached hereto as Exhibit G.

I declare under penalty of perjury that the foregoing is true and correct.   Executed on August 17, 2007.

_____
LOUIS SMITH

Exhibit A

Case 1:07-cv-06986-NRB    Document 17    Filed 10/10/2007    Page 6 of 51

# United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: 1:05-cv-10995-WGY

Peguero v. American Express Company, Inc. et al            Date Filed: 05/13/2005
Assigned to: Judge William G. Young                        Jury Demand: Both
Cause: 28:1441 Petition for Removal- Insurance Contract    Nature of Suit: 110 Insurance
                                                           Jurisdiction: Diversity

**Plaintiff**

**Altagracia J. Peguero**                 represented by   **Kevin Donius**
                                                           Corcoran, Fitzgerald & Hennessy
                                                           500 Granite Ave
                                                           Milton, MA 02186
                                                           617-296-4900
                                                           Fax: 617-696-6704
                                                           Email: kdonius@kdoniuslaw.com
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**American Express Company, Inc.**        represented by   **John F. Farraher, Jr.**
                                                           Greenberg Traurig LLP
                                                           One International Place
                                                           20rd Floor
                                                           Boston, MA 02110
                                                           617-310-6000
                                                           Fax: 617-310-6001
                                                           Email: farraherj@gtlaw.com
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Louis Smith**
                                                           Greenberg Traurig LLP
                                                           200 Campus Drive
                                                           P.O. Box 677
                                                           Florham Park, NJ 07932
                                                           973.360.7900
                                                           Fax: 973.301.8410
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Mark W. Corner**
                                                           Riemer & Braunstein LLP
                                                           Three Center Plaza
                                                           Boston, MA 02108

617-880-3418
Fax: 617-692-3418
Email: mcorner@riemerlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**The Sklover Group, Inc.**
*TERMINATED: 07/07/2006*

represented by **Allison M. O'Neil**
Craig & Macauley
600 Atlantic Ave.
Boston, MA 02210
617-367-9500
Fax: 617-742-1788
Email: aoneil@craigmacauley.com
*TERMINATED: 04/20/2007*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Federal Insurance Company**
*TERMINATED: 08/15/2006*

represented by **Danielle M. Aguirre**
Paul, Weiss, Rifkind, Wharton &
Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
212-373-3000
Fax: 212-492-0266
Email: daguirre@paulweiss.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**H. Christopher Boehning**
Paul, Weiss, Rifkind, Wharton &
Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064
212-373-3000
Fax: 212-373-2399
Email: cboehning@paulweiss.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark W. Corner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cross Claimant**

**American Express Company, Inc.**
*TERMINATED: 07/28/2006*

represented by **John F. Farraher, Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Louis Smith
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Cross Defendant**

**The Sklover Group, Inc.**                    represented by    Louis Smith
*TERMINATED: 07/28/2006*                                        **Allison M. O'Neil**
                                                                (See above for address)
                                                                *TERMINATED: 04/20/2007*
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Federal Insurance Company**                  represented by    **Mark W. Corner**
*TERMINATED: 07/28/2006*                                        (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

**ThirdParty Plaintiff**

**American Express Company, Inc.**             represented by    **John F. Farraher, Jr.**
*TERMINATED: 07/28/2006*                                        (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Louis Smith**
                                                                (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

V.

**ThirdParty Defendant**

**Healthextras, Inc.,**                        represented by    **Donald R. Pinto, Jr.**
*TERMINATED: 07/28/2006*                                        Rackemann, Sawyer & Brewster
*formerly known as*                                             One Financial Center
Healthextras, L.L.C.                                            Boston, MA 02111
*TERMINATED: 07/28/2006*                                        617-542-2300
                                                                Fax: 617-542-7437
                                                                Email: drp@rackemann.com
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 07/20/2007 |   | Electronic Clerk's Notes for proceedings held before Judge William G. |

| | | |
|---|---|---|
| | | Young : Final Pretrial Conference held on 7/20/2007.The Court inquires as to settlement. Counsel inform the court that a mediation will be held latter in August. Thetrial is tentatively set for jury selection on Oct. 15, 2007. If the case of Amgen v Roche settles, then this case will go to trial in September. The Court explains how exhibits are to be marked, discussion re: expert witnesses, jury empanelment, trial day, trial practice in this session of the court, motions in limine and time limits. (Smith, Bonnie) (Entered: 07/24/2007) |
| 07/20/2007 | 105 | PRETRIAL MEMORANDUM by Altagracia J. Peguero. (Donius, Kevin) (Entered: 07/20/2007) |
| 07/02/2007 | | ELECTRONIC NOTICE OF RESCHEDULINGFinal Pretrial Conference reset for Friday 7/20/2007 02:00 PM in Courtroom 18 before Judge William G. Young. (Smith, Bonnie) (Entered: 07/02/2007) |
| 06/28/2007 | 104 | Judge William G. Young : ORDER entered. PROCEDURAL ORDER re pretrial/trialFinal Pretrial Conference set for 7/19/2007 02:00 PM in Courtroom 18 before Judge William G. Young.,Jury Trial set for 9/4/2007 09:00 AM in Courtroom 18 before Judge William G. Young. (Smith, Bonnie) (Entered: 06/28/2007) |
| 06/05/2007 | | Judge William G. Young : Electronic ORDER entered DENYING 102 Motion for Reconsideration. (Paine, Matthew) (Entered: 06/05/2007) |
| 05/30/2007 | 103 | Opposition re 102 MOTION for Reconsideration *(Partial)* filed by Altagracia J. Peguero. (Donius, Kevin) (Entered: 05/30/2007) |
| 05/23/2007 | 102 | MOTION for Reconsideration *(Partial)* by Healthextras, Inc.,.(Pinto, Donald) (Entered: 05/23/2007) |
| 05/23/2007 | 101 | TRANSCRIPT of Proceedings held on 5/3/07 before Judge Young. Court Reporter: Womack. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at womack@megatran.com or the Clerk's Office. (Smith, Bonnie) (Entered: 05/23/2007) |
| 05/04/2007 | | Notice of correction to docket made by Court staff. The Last Two Docket Entries Were Removed From the Docket as Judgment Was Entered In Error and the Case Closed. The Case Has Been Reopen and the Docket Corrected. (Paine, Matthew) (Entered: 05/04/2007) |
| 05/04/2007 | | Case Reopened (Paine, Matthew) (Entered: 05/04/2007) |
| 05/03/2007 | | Motions terminated: 91 MOTION for Summary Judgment filed by Healthextras, Inc.,,, 95 MOTION for Summary Judgment filed by American Express Company, Inc.,. (Smith, Bonnie) (Entered: 05/04/2007) |
| 05/03/2007 | | ElectronicClerk's Notes for proceedings held before Judge William G. Young : Plaintiff counsel Donius and Defendants counsel Farraher and Pinto are present.Motion Hearing held on 5/3/2007 re 91 MOTION for Summary Judgment filed by Healthextras, Inc.,,, 95 MOTION for Summary Judgment filed by American Express Company, Inc.,. After |

| | | |
|---|---|---|
| | | hearing the motions are Allowed in part, Denied in part. (Court Reporter Womack.) (Smith, Bonnie) (Entered: 05/04/2007) |
| 05/03/2007 | | Judge William G. Young : Electronic ORDER entered DENYING 98 Motion to Seal Document. (Paine, Matthew) (Entered: 05/03/2007) |
| 05/03/2007 | 100 | AFFIDAVIT (FILED UNDER SEAL) of Kevin Donius, Esq. in Support re 99 Opposition re 91 MOTION for Summary Judgment by Healthextras, Inc. and 95 MOTION for Summary Judgment by American Express Company, Inc. (Paine, Matthew) (Entered: 05/03/2007) |
| 05/03/2007 | 99 | Opposition re 91 MOTION for Summary Judgment by Healthextras, Inc. and 95 MOTION for Summary Judgment by American Express Company, Inc., filed by Altagracia J. Peguero. (Paine, Matthew) (Entered: 05/03/2007) |
| 05/01/2007 | | ElectronicClerk's Notes for proceedings held before Judge William G. Young : Scheduling Conference held on 5/1/2007. The Court inquires as to setlement. This caseis on the Running Trial List for July, 2007. The Court explains the requirements of the session. The plaintiff has not filed the opposiiton to the Motion for SJ which will be heard May 3. The Court will take the motion Under Advisement until the opposition is filed. A Final Pretrial Conference will be scheduled in June. (Court Reporter Womack.) (Smith, Bonnie) (Entered: 05/04/2007) |
| 05/01/2007 | 98 | MOTION to Seal Document by Healthextras, Inc.,. (Attachments: # 1) (Pinto, Donald) (Entered: 05/01/2007) |
| 04/30/2007 | | Judge William G. Young : Electronic ORDER entered granting 97 Motion for Extension of Time to file opposition. The Court will allow the extension for the filing of the opposition, but DENIES the motion as to continuing the hearing. The Court will NOT continue the hearing. The hearing will go forward on May 3 at 2PM. (Smith, Bonnie) (Entered: 04/30/2007) |
| 04/26/2007 | 97 | MOTION for Extension of Time to May 6, 2007 to File Summary Judgment Opposition by Altagracia J. Peguero.(Donius, Kevin) (Entered: 04/26/2007) |
| 04/20/2007 | 96 | NOTICE of Withdrawal of Appearance Attorney Allison M. O'Neil terminated. (York, Steve) (Entered: 04/20/2007) |
| 04/17/2007 | | Judge William G. Young : Electronic ORDER entered re 94 MOTION for Leave to File Document Under Seal. "DENIED, There Being No Adequate Showing That There Is Any Propriety Material Involved." (Paine, Matthew) (Entered: 04/17/2007) |
| 04/17/2007 | | ELECTRONIC NOTICE of Hearing on Motion 91 MOTION for Summary Judgment, 95 MOTION for Summary Judgment: Motion Hearing set for 5/3/2007 02:00 PM in Courtroom 18 before Judge William G. Young. Oppositions are due by 4/30/07.(Smith, Bonnie) (Entered: 04/17/2007) |
| 04/16/2007 | 95 | MOTION for Summary Judgment by American Express Company, Inc.. |

| | | |
|---|---|---|
| | | (Farraher, John) (Entered: 04/16/2007) |
| 04/16/2007 | | ELECTRONIC NOTICE issued requesting courtesy copy for 92 Memorandum in Support of Motion, 91 MOTION for Summary Judgment, 93 Affidavit in Support. Counsel who filed this document are requested to submit a courtesy copy of this document (or documents) to the Clerk's Office by. **These documents must be clearly marked as a Courtesy Copy and reflect the document number assigned by CM/ECF.** (Paine, Matthew) (Entered: 04/16/2007) |
| 04/14/2007 | 94 | MOTION for Leave to File *Document Under Seal* by Healthextras, Inc.,. (Pinto, Donald) (Entered: 04/14/2007) |
| 04/14/2007 | 93 | AFFIDAVIT in Support re 91 MOTION for Summary Judgment. (Attachments: # 1 # 2 # 3 # 4)(Pinto, Donald) (Entered: 04/14/2007) |
| 04/14/2007 | 92 | MEMORANDUM in Support re 91 MOTION for Summary Judgment filed by Healthextras, Inc.,. (Pinto, Donald) (Entered: 04/14/2007) |
| 04/14/2007 | 91 | MOTION for Summary Judgment by Healthextras, Inc.,.(Pinto, Donald) (Entered: 04/14/2007) |
| 04/06/2007 | | ELECTRONIC NOTICE OF RESCHEDULING The Scheduling Conference is set for 5/1/2007 02:00 PM in Courtroom 18 before Judge William G. Young. (Smith, Bonnie) (Entered: 04/06/2007) |
| 04/05/2007 | | Judge William G. Young : Electronic ORDER entered denying 89 Motion to Strike "Motion denied, although the court expresses grave doubt that Mr. Nickerson will be permitted to testify to much of this conclusory report. For example, it is not for an "expert" to express legal opinions and Mr. Nickerson will not be permitted to testify to anything not in his report. (Smith, Bonnie) (Entered: 04/05/2007) |
| 04/04/2007 | | ELECTRONIC NOTICE of Scheduling Conference Scheduling Conference set for 4/11/2007 10:30 AM in Courtroom 18 before Judge William G. Young. (Smith, Bonnie) (Entered: 04/04/2007) |
| 04/04/2007 | | ELECTRONIC NOTICE of Reassignment. Judge William G. Young added. Judge Reginald C. Lindsay no longer assigned to case. (Hourihan, Lisa) (Entered: 04/04/2007) |
| 03/27/2007 | 90 | MEMORANDUM in Opposition re 89 MOTION to Strike *Plaintiff's Late Disclosure of a New Expert* filed by Altagracia J. Peguero. (Attachments: # 1 # 2 # 3)(Donius, Kevin) (Entered: 03/27/2007) |
| 03/20/2007 | 89 | MOTION to Strike *Plaintiff's Late Disclosure of a New Expert* by Healthextras, Inc.,. (Attachments: # 1 Exhibit Exhibit A)(Pinto, Donald) (Entered: 03/20/2007) |
| 02/09/2007 | | Judge Reginald C. Lindsay : Electronic ORDER entered withdrawing 85 Motion to Compel (York, Steve) (Entered: 02/09/2007) |
| 02/09/2007 | | Judge Reginald C. Lindsay : Electronic ORDER entered granting 88 Motion for Extension of Time to Complete Discovery Discovery to be |

| | | completed by 4/12/2007. (York, Steve) (Entered: 02/09/2007) |
|---|---|---|
| 02/08/2007 | 88 | Joint MOTION for Extension of Time to April 12, 2007 to Complete Discovery by Healthextras, Inc.,.(Pinto, Donald) (Entered: 02/08/2007) |
| 02/08/2007 | 87 | Letter/request (non-motion) from Donald R. Pinto, Jr. *Withdrawing Motion to Compel Filed 1/26/07*. (Pinto, Donald) (Entered: 02/08/2007) |
| 01/26/2007 | 86 | MEMORANDUM in Support re 85 MOTION to Compel filed by Healthextras, Inc.,. (Attachments: # 1 Exhibit # 2 # 3 # 4)(Pinto, Donald) (Entered: 01/26/2007) |
| 01/26/2007 | 85 | MOTION to Compel by Healthextras, Inc.,.(Pinto, Donald) (Entered: 01/26/2007) |
| 12/13/2006 | | Judge Robert B. Collings: Electronic ORDER entered granting in part and denying in part 74 Motion for Protective Order, granting in part and denying in part 77 Motion for Protective Order. Discovery shall not be had as to the identity of persons who purchased the same policy as the plaintiff but who never filed claims. As to the interrogatories and requests for production which seek other information, the defendants have stated their objections, and if the plaintiff believes the objections are not proper, plaintiff may, after a full "meet and confer" session mandated by the Federal Rules of Civil Procedure and the Local Rules, file a motion to compel. The 30(b)(6) deposition shall go forward except that the term "or any substantially similar plan" is STRICKEN from paragraphs (5) through (10) and paragraphs (12) through (15) of the Notice. Otherwise, at the 30(b)(6) deposition, the defendants may object to questions which call for materials which are either privileged or protected by the work-product doctrine. Obviously, the defendants shall not be required to produce any documents or information which is not within their possession, custdoy and/or control but inquiry may be made at the 30(b)(6) deposition of the bone fides of any claim that documents or information are not within the defendants' custody, possession and/or control. In view of the claim by plaintiff that the defendants concocted a scheme and artifice to defraud and mislead purchasers of the policies, the Court views as "relevant" the subject matter of paragrph (5) of the 30(b)(6) notice. (Entered: 12/13/2006) |
| 12/13/2006 | | ElectronicClerk's Notes for proceedings held before Judge Robert B. Collings : Motion Hearing held on 12/13/2006 re 74 MOTION for Protective Order filed by Healthextras, Inc., 77 MOTION for Protective Order filed by American Express Company, Inc. At hearing, plaintiff's counsel asserted that he is not seeking the identity of persons who purchased the coverage who never filed any claims. Motions taken under advisement. (Digital Recording) (Entered: 12/13/2006) |
| 12/06/2006 | | Notice of correction to docket made by Court staff. The reply briefs submitted by counsel in docket entries 80 and 82 have been replaced with a new version. All parties assent to the substitution. (Hourihan, Lisa) (Entered: 12/06/2006) |
| 11/28/2006 | | Judge Robert B. Collings : Electronic ORDER entered granting 84 |

Case 1:07-cv-06986-NRB   Document 17   Filed 10/10/2007   Page 13 of 51

| | | |
|---|---|---|
| | | Motion to Continue Hearing on Motion for Protective Orders. Hearing re-scheduled to 12/13/06 at 4:00 P.M. (Dolan, Kathleen) (Entered: 11/28/2006) |
| 11/27/2006 | | Judge Reginald C. Lindsay : Electronic ORDER entered granting 79 Motion to Extend Discovery Deadlines. Factual discovery to be completed 75 days after the final disposition of the rulings of the Defendants' Motions for Protective Orders and further extending all subsequent scheduled deadlines by the same number of days as the discovery deadline. (Hourihan, Lisa) (Entered: 11/27/2006) |
| 11/27/2006 | | Judge Reginald C. Lindsay : Electronic ORDER entered finding as moot 55 Motion for Extension of Time (Hourihan, Lisa) (Entered: 11/27/2006) |
| 11/21/2006 | 84 | Assented to MOTION to Continue Hearing On Motions For Protective Orders to 12/13/06 by Altagracia J. Peguero.(Donius, Kevin) (Entered: 11/21/2006) |
| 11/19/2006 | | Case no longer referred to Magistrate Judge Robert B. Collings. (Dolan, Kathleen) (Entered: 02/15/2007) |
| 11/14/2006 | | ELECTRONIC NOTICE of Hearing on Motion 74 Defendant Healthextras, Inc.'s MOTION for Protective Order; and 77 Defendant American Express Company's MOTION for Protective Order. Motion Hearing set for 12/4/2006 02:00 PM in Courtroom 23 before Magistrate Judge Robert B. Collings. (Dolan, Kathleen) (Entered: 11/14/2006) |
| 11/09/2006 | | Judge Reginald C. Lindsay : Electronic ORDER entered terminating 50 Motion for Leave to File; (Hourihan, Lisa) (Entered: 11/09/2006) |
| 11/09/2006 | 83 | Judge Reginald C. Lindsay : ORDER entered. REFERRING MOTION 74 MOTION for Protective Order filed by Healthextras, Inc. 77 MOTION for Protective Order filed by American Express Company, Inc., to Magistrate Judge Robert B. Collings(Hourihan, Lisa) (Entered: 11/09/2006) |
| 11/09/2006 | 82 | REPLY in further support re 74 MOTION for Protective Order filed by Healthextras, Inc. (Hourihan, Lisa) Additional attachment(s) added on 11/13/2006 (York, Steve). Additional attachment(s) added on 12/6/2006 (Hourihan, Lisa). (Entered: 11/09/2006) |
| 11/09/2006 | | Judge Reginald C. Lindsay : Electronic ORDER entered granting 80 Motion for Leave to File Reply Brief in Further Support of Motion for Protective Order (Hourihan, Lisa) (Entered: 11/09/2006) |
| 11/09/2006 | | Judge Reginald C. Lindsay : Electronic ORDER entered denying 81 Motion for Leave to File Sur-reply Brief in further opposition to motion for protective order (Hourihan, Lisa) (Entered: 11/09/2006) |
| 11/02/2006 | 81 | Assented to MOTION for Leave to File *Sur-Reply Brief In Further Opposition To Motion For protective Order* by Altagracia J. Peguero. (Attachments: # 1)(Donius, Kevin) (Entered: 11/02/2006) |
| 10/26/2006 | 80 | Assented to MOTION for Leave to File *Reply Brief* by Healthextras, |

| | | |
|---|---|---|
| | | Inc.,. (Attachments: # (1))(Pinto, Donald) Additional attachment(s) added on 12/6/2006 (Hourihan, Lisa). (Entered: 10/26/2006) |
| 10/23/2006 | 79 | Joint MOTION for Discovery *Extension* by Altagracia J. Peguero. (Donius, Kevin) (Entered: 10/23/2006) |
| 10/18/2006 | 78 | Opposition re 77 MOTION for Protective Order filed by Altagracia J. Peguero. (Donius, Kevin) (Entered: 10/18/2006) |
| 10/17/2006 | 77 | MOTION for Protective Order by American Express Company, Inc.. (Farraher, John) (Entered: 10/17/2006) |
| 10/12/2006 | 76 | MEMORANDUM in Opposition re 74 MOTION for Protective Order filed by Altagracia J. Peguero. (Attachments: # 1 Exhibit Solicitation# 2 Exhibit Order Granting Motion To Compel)(Donius, Kevin) (Entered: 10/12/2006) |
| 10/05/2006 | 75 | MEMORANDUM in Support re 74 MOTION for Protective Order filed by Healthextras, Inc.,. (Attachments: # 1 Exhibit Exhibit A# 2 Exhibit Exhibit B# 3 Exhibit Exhibit C# 4 Exhibit Exhibit D)(Pinto, Donald) (Entered: 10/05/2006) |
| 10/05/2006 | 74 | MOTION for Protective Order by Healthextras, Inc.,.(Pinto, Donald) (Entered: 10/05/2006) |
| 08/15/2006 | | Judge Reginald C. Lindsay : Electronic ORDER entered finding as moot 62 Motion to Dismiss, finding as moot 63 Motion to Seal Document (Hourihan, Lisa) (Entered: 08/15/2006) |
| 07/31/2006 | | Judge Reginald C. Lindsay : Electronic ORDER entered finding as moot 68 Motion for Order (York, Steve) (Entered: 07/31/2006) |
| 07/27/2006 | 73 | NOTICE of Voluntary Dismissal by American Express Company, Inc. (Farraher, John) (Entered: 07/27/2006) |
| 07/27/2006 | 72 | NOTICE of Voluntary Dismissal by American Express Company, Inc. (Farraher, John) (Entered: 07/27/2006) |
| 07/26/2006 | | Judge Reginald C. Lindsay : Electronic ORDER entered granting 35 MOTION to Dismiss the Cross Claim for Contribution Asserted by American Express by Federal Insurance Company. (Lindsay, Reginald) (Entered: 07/26/2006) |
| 07/15/2006 | | Judge Reginald C. Lindsay : Electronic ORDER entered granting in part and denying in part 71 Motion of Federal Insurance Company for Extension of Time to Respond to American Express' Motion to Maintain as Confidential the Marketing Agreement by Federal Insurance Company. The motion is granted to the extent that it seeks an extension of time for the response in question. The motion is denied to the extent that it seeks to extend the time for the response to August 3, 2006. The response in question must be filed not later than July 27, 2006. (Lindsay, Reginald) (Entered: 07/15/2006) |
| 07/13/2006 | 71 | Assented to MOTION for Extension of Time to 8/3/06 to Respond to |

Case 1:07-cv-06986-NRB   Document 17   Filed 10/10/2007   Page 15 of 51

| | | |
|---|---|---|
| | | American Express' Motion to Maintain as Confidential the Marketing Agreement by Federal Insurance Company.(Corner, Mark) (Entered: 07/13/2006) |
| 07/12/2006 | | Judge Reginald C. Lindsay : Electronic ORDER entered granting 69 Motion for Extension of Time to File Response/Reply re 68 MOTION for Order to Maintain As Confidential The Marketing Agreement Between American Express Company and Healthextras, LLC Responses due by 7/13/2006 (Hourihan, Lisa) (Entered: 07/12/2006) |
| 07/06/2006 | 70 | STIPULATION of Dismissal *(Defendant Sklover Only)* by Altagracia J. Peguero. (Donius, Kevin) (Entered: 07/06/2006) |
| 06/29/2006 | 69 | Assented to MOTION for Extension of Time to 7/13/06 to File Response/Reply as to 68 MOTION for Order to Maintain As Confidential The Marketing Agreement Between American Express Company and Healthextras, LLC by Federal Insurance Company. (Corner, Mark) (Entered: 06/29/2006) |
| 06/26/2006 | | ElectronicClerk's Notes for proceedings held before Judge Reginald C. Lindsay : Case Management Conference held on 6/26/2006. Fact discovery due by 11/3/06. Plaintiff's expert disclosure due by 10/6/06. Defendants' expert disclosure due by 11/3/06. Supplemental expert reports due by 1/16/07. Discovery to be completed by 12/29/2006. Motions due by 1/31/2007. (Court Reporter None Present.) (Hourihan, Lisa) (Entered: 06/27/2006) |
| 06/23/2006 | | Judge Reginald C. Lindsay : Electronic ORDER entered denying 51 Motion by HealthExtras to Dismiss the Third-Party Complaint. Under New York law, a court will only enforce a provision making Alternative Dispute Resolution (ADR) a condition precedent to litigation if that contractual requirement is "clear, explicit and unequivocal,... and [does]... not depend on implication or subtlety." Thomas Crimmins Contracting Co. v. City of New York, 542 N.E.2d 1097, 1099 (N.Y. 1989). In this contract, there is no such "clear, explicit and unequivocal" statement that participation in ADR is a condition precedent to bringing suit against HealthExtras. Furthermore, even if there were such a requirement, HealthExtras may have waived or forfeited it through its failure to make a timely assertion of its desire to participate in ADR. (RCL, law1) (Entered: 06/23/2006) |
| 06/22/2006 | 68 | MOTION for Order to Maintain As Confidential The Marketing Agreement Between American Express Company and Healthextras, LLC by American Express Company, Inc..(Farraher, John) (Entered: 06/22/2006) |
| 06/19/2006 | 67 | RESPONSE to Motion re 62 MOTION to Dismiss *Crossclaim and for a Protective Order Staying Discovery,* 63 MOTION to Seal Document *(Memorandum of Law in Support of Motion to Dismiss) and for Protective Order, and to Defer Filing of Such Memorandum Pending Ruling on this Motion* filed by American Express Company, Inc.. (Farraher, John) (Entered: 06/19/2006) |

| 06/15/2006 | 66 | SEALED DOCUMENT placed in secure file room.. (York, Steve) (Entered: 06/15/2006) |
|---|---|---|
| 06/13/2006 | 65 | REPLY to Response to Motion re 51 MOTION to Dismiss *Third-Party Complaint* filed by Healthextras, Inc.,. (Attachments: # 1 Exhibit Exhibit A to HealthExtras' reply Brief in Further Support of Motion to Dismiss Third-Party Complaint# 2 Exhibit Exhibit B to HealthExtras' Reply Brief in Further Support of Motion to Dismiss Third-Party Complaint)(Pinto, Donald) (Entered: 06/13/2006) |
| 06/12/2006 | | Judge Reginald C. Lindsay : Electronic ORDER entered granting 61 Motion for Leave to File; Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures (York, Steve) (Entered: 06/13/2006) |
| 06/12/2006 | | Judge Reginald C. Lindsay : Electronic ORDER entered granting 60 Motion for Leave to File; Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures (York, Steve) (Entered: 06/12/2006) |
| 06/08/2006 | | Judge Reginald C. Lindsay : Electronic ORDER entered granting 64 Motion for Leave to Appear Pro Hac Vice Added Louis Smith for American Express Company, Inc. (York, Steve) (Entered: 06/08/2006) |
| 06/08/2006 | | Filing fee: $ 50, receipt number 72944 for 64 Assented to MOTION for Leave to Appear Pro Hac Vice by Louis Smith (York, Steve) (Entered: 06/08/2006) |
| 06/07/2006 | 64 | Assented to MOTION for Leave to Appear Pro Hac Vice by Louis Smith by American Express Company, Inc., American Express Company, Inc., American Express Company, Inc., American Express Company, Inc.. (Attachments: # 1 Exhibit A Certificate for Admission of Louis Smith) (Farraher, John) (Entered: 06/07/2006) |
| 06/05/2006 | 63 | MOTION to Seal Document *(Memorandum of Law in Support of Motion to Dismiss) and for Protective Order, and to Defer Filing of Such Memorandum Pending Ruling on this Motion* by Federal Insurance Company.(Corner, Mark) (Entered: 06/05/2006) |
| 06/05/2006 | 62 | MOTION to Dismiss *Crossclaim and for a Protective Order Staying Discovery* by Federal Insurance Company.(Corner, Mark) (Entered: 06/05/2006) |
| 06/02/2006 | 61 | Assented to MOTION for Leave to File *Document Under Seal* by Healthextras, Inc.,.(Pinto, Donald) (Entered: 06/02/2006) |
| 06/02/2006 | 60 | Assented to MOTION for Leave to File *Reply Brief in Further Support of Motion to Dismiss Third-Party Complaint of American Express Company* by Healthextras, Inc.,. (Attachments: # 1 Exhibit Proposed Repy Brief In Further Support of Motion to Dismiss)(Pinto, Donald) (Entered: 06/02/2006) |

| 06/01/2006 | | ELECTRONIC NOTICE of Hearing : Case Management Conference set for 6/26/2006 02:30 PM in Courtroom 11 before Judge Reginald C. Lindsay. (Hourihan, Lisa) (Entered: 06/01/2006) |
| --- | --- | --- |
| 05/26/2006 | | Case no longer referred to Magistrate Judge Robert B. Collings. (Dolan, Kathleen) (Entered: 06/06/2006) |
| 05/26/2006 | | Judge Robert B. Collings: Electronic ORDER entered denying 44 Motion to Compel without prejudice. Since a Protective Order was entered by Judge Lindsay on April 27, 2006 after the motion and opposition were filed, the Court assumes that American Express has produced all the requested documents since it represented that it would as soon as a Protective Order was in place. (Entered: 05/26/2006) |
| 05/26/2006 | 59 | ANSWER to Complaint *(Plaintiff's Direct Claims)* by Healthextras, L.L.C..(Pinto, Donald) (Entered: 05/26/2006) |
| 05/26/2006 | 58 | Disclosure pursuant to Rule 26 by Healthextras, L.L.C..(Pinto, Donald) (Entered: 05/26/2006) |
| 05/26/2006 | 57 | NOTICE by Healthextras, L.L.C. *Supplemental Corporate Disclosure Statement of Third-Party Defendant HealthExtras, Inc.* (Pinto, Donald) (Entered: 05/26/2006) |
| 05/26/2006 | 56 | NOTICE by Healthextras, L.L.C. *Notice of Corporate Succession* (Pinto, Donald) (Entered: 05/26/2006) |
| 05/24/2006 | 55 | MOTION for Extension of Time to various to motions and discovery *Unopposed Motion To Modify Case Management Schedule, Or, In The Alternative, To Convene Additional Case Management Conference* by Healthextras, L.L.C..(Pinto, Donald) (Entered: 05/24/2006) |
| 05/01/2006 | 54 | MEMORANDUM in Opposition re 51 MOTION to Dismiss *Third-Party Complaint* filed by American Express Company, Inc.. (Farraher, John) (Entered: 05/01/2006) |
| 04/27/2006 | | Judge Reginald C. Lindsay : Electronic ORDER entered granting 47 Stipulation, filed by Federal Insurance Company,, Altagracia J. Peguero,, American Express Company, Inc.,, The Sklover Group, Inc.,, Healthextras, L.L.C., (York, Steve) (Entered: 04/28/2006) |
| 04/17/2006 | 53 | CORPORATE DISCLOSURE STATEMENT by Healthextras, L.L.C.. (Pinto, Donald) (Entered: 04/17/2006) |
| 04/17/2006 | 52 | MEMORANDUM in Support re 51 MOTION to Dismiss *Third-Party Complaint* filed by Healthextras, L.L.C.. (Pinto, Donald) (Entered: 04/17/2006) |
| 04/17/2006 | 51 | MOTION to Dismiss *Third-Party Complaint* by Healthextras, L.L.C.. (Pinto, Donald) (Entered: 04/17/2006) |
| 04/13/2006 | 50 | MOTION for Leave to File *Additional Papers in Support of Motion to Compel* by Federal Insurance Company. (Attachments: # 1 Exhibit Proposed Reply Memorandum)(Corner, Mark) (Entered: 04/13/2006) |

| | | |
|---|---|---|
| 04/12/2006 | 49 | Judge Reginald C. Lindsay : Electronic ORDER entered. REFERRING MOTION 44 MOTION to Compel *Document Production by American Express* filed by Federal Insurance Company, to Magistrate Judge Robert B. Collings(York, Steve) (Entered: 04/12/2006) |
| 03/29/2006 | | Judge Reginald C. Lindsay : Electronic ORDER entered granting 48 Motion to Continue Hearing Date. The Court will not schedule a new hearing date at this time. (Hourihan, Lisa) (Entered: 03/29/2006) |
| 03/28/2006 | 48 | Assented to MOTION to Continue Hearing on Motion to Dismiss Cross-Claim for Contribution by Federal Insurance Company.(Corner, Mark) (Entered: 03/28/2006) |
| 03/28/2006 | 47 | STIPULATION *Stipulated Protective Order* by American Express Company, Inc., Healthextras, L.L.C., American Express Company, Inc., The Sklover Group, Inc., Federal Insurance Company, Altagracia J. Peguero, American Express Company, Inc., The Sklover Group, Inc.. (Attachments: # 1)(Farraher, John) (Entered: 03/28/2006) |
| 03/27/2006 | 46 | MEMORANDUM in Opposition re 44 MOTION to Compel *Document Production by American Express* filed by American Express Company, Inc., American Express Company, Inc.. (Attachments: # 1 Exhibit A# 2 Exhibit B)(Farraher, John) (Entered: 03/27/2006) |
| 03/27/2006 | | Judge Reginald C. Lindsay : Electronic ORDER entered denying 45 Motion for Protective Order without prejudice on the ground that the second and third sentences of paragraph 12 of the proposed order appear to be inconsistent with Local Rule 7.2 (Hourihan, Lisa) (Entered: 03/27/2006) |
| 03/17/2006 | 45 | Joint MOTION for Protective Order by American Express Company, Inc., Healthextras, L.L.C., American Express Company, Inc., American Express Company, Inc., The Sklover Group, Inc., Federal Insurance Company, Altagracia J. Peguero, American Express Company, Inc., The Sklover Group, Inc., Federal Insurance Company. (Attachments: # 1 Exhibit A Stipulated Protective Order)(Farraher, John) (Entered: 03/17/2006) |
| 03/13/2006 | 44 | MOTION to Compel *Document Production by American Express* by Federal Insurance Company. (Attachments: # 1 Exhibit A-D)(Corner, Mark) (Entered: 03/13/2006) |
| 02/28/2006 | 43 | WAIVER OF SERVICE Returned Executed Healthextras, L.L.C. waiver sent on 2/14/2006, answer due 4/17/2006. (York, Steve) (Entered: 02/28/2006) |
| 02/22/2006 | | ELECTRONIC NOTICE of Hearing on Motion 35 MOTION to Dismiss *the Cross Claim for Contribution Asserted by American Express*: Motion Hearing set for 4/3/2006 03:00 PM in Courtroom 11 before Judge Reginald C. Lindsay. (Hourihan, Lisa) (Entered: 02/22/2006) |
| 01/20/2006 | 42 | COMPLAINT *Direct Claims of Plaintiff* against Healthextras, L.L.C. , filed by Altagracia J. Peguero.(Donius, Kevin) . (Entered: 01/20/2006) |

| 01/10/2006 | [41](#) | THIRD PARTY COMPLAINT against Healthextras, L.L.C. , filed by American Express Company, Inc..(York, Steve) (Entered: 01/10/2006) |
|---|---|---|
| 01/09/2006 |  | Judge Reginald C. Lindsay : Electronic ORDER entered denying without prejudice [32](#) MOTION to Amend Complaint by Altagracia J. Peguero and granting [34](#) Motion for Leave to File Third-Party Complaint by American Express Company, Inc. The motion docketed as paper # 32 is denied without prejudice, because the plaintiff has not complied with Local Rule 15.1. The plaintiff's motion may be moot, in any event, in light of the granting by the court of the motion of American Express Co. to file a third-party complaint against Healthextras, L.L.C. Once that complaint has been filed, the plaintiff may simply wish to file additional claims against the third-party defendant. (Lindsay, Reginald) (Entered: 01/09/2006) |
| 01/09/2006 | [40](#) | REPLY to Response to Motion re [35](#) MOTION to Dismiss *the Cross Claim for Contribution Asserted by American Express* filed by Federal Insurance Company. (Corner, Mark) (Entered: 01/09/2006) |
| 01/06/2006 |  | Judge Reginald C. Lindsay : Electronic ORDER entered granting [38](#) Motion for Leave to File Additional Papers in Support of its Motion to Dismiss. Counsel using the Electronic Case Files system should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. (York, Steve) (Entered: 01/06/2006) |
| 01/06/2006 | [39](#) | NOTICE of Change of Address by Kevin Donius (York, Steve) Additional attachment(s) added on 1/6/2006 (York, Steve). (Entered: 01/06/2006) |
| 12/16/2005 | [38](#) | MOTION for Leave to File *Additional Papers in Support of its Motion to Dismiss* by Federal Insurance Company. (Attachments: # [1](#) Exhibit A (proposed memorandum))(Corner, Mark) (Entered: 12/16/2005) |
| 12/01/2005 | [37](#) | MEMORANDUM in Opposition re [35](#) MOTION to Dismiss *the Cross Claim for Contribution Asserted by American Express* filed by American Express Company, Inc., American Express Company, Inc.. (Farraher, John) (Entered: 12/01/2005) |
| 11/17/2005 | [36](#) | MEMORANDUM in Support re [35](#) MOTION to Dismiss *the Cross Claim for Contribution Asserted by American Express* filed by Federal Insurance Company. (Corner, Mark) (Entered: 11/17/2005) |
| 11/17/2005 | [35](#) | MOTION to Dismiss *the Cross Claim for Contribution Asserted by American Express* by Federal Insurance Company. (Attachments: # [1](#) Affidavit Affirmation of Danielle M. Aguirre)(Corner, Mark) (Entered: 11/17/2005) |
| 11/17/2005 | [34](#) | MOTION for Leave to File *Third-Party Complaint* by American Express Company, Inc.. (Attachments: # [1](#))(Farraher, John) (Entered: 11/17/2005) |
| 11/16/2005 | [33](#) | MEMORANDUM in Support re [32](#) MOTION to Amend *Complaint* filed by Altagracia J. Peguero. (Donius, Kevin) (Entered: 11/16/2005) |

| 11/16/2005 | 32 | MOTION to Amend *Complaint* by Altagracia J. Peguero. (Attachments: # 1 Exhibit A)(Donius, Kevin) (Entered: 11/16/2005) |
|---|---|---|
| 10/17/2005 | 31 | Document disclosure by Federal Insurance Company.(Corner, Mark) (Entered: 10/17/2005) |
| 10/03/2005 | 30 | Document disclosure by American Express Company, Inc..(Farraher, John) (Entered: 10/03/2005) |
| 09/23/2005 | 29 | STIPULATION of Dismissal by Altagracia J. Peguero. (York, Steve) (Entered: 09/23/2005) |
| 09/22/2005 | 28 | CERTIFICATION pursuant to Local Rule 16.1 by The Sklover Group, Inc..(York, Steve) (Entered: 09/22/2005) |
| 09/21/2005 | | ElectronicClerk's Notes for proceedings held before Judge Reginald C. Lindsay : Scheduling Conference held on 9/21/2005. Automatic disclosure due by 10/17/05. Motions under Rule 12,13,14,15 due by 11/17/05. Fact discovery due by 6/15/06. Plaintiff to disclose expert by 7/14/06. Defendant to disclose expert by 8/15/06. Discovery due by 9/15/2006. Motions due by 10/2/2006. (Court Reporter None Present.) (Hourihan, Lisa) (Entered: 09/22/2005) |
| 09/21/2005 | 27 | CERTIFICATION pursuant to Local Rule 16.1 by Federal Insurance Company.(Corner, Mark) (Entered: 09/21/2005) |
| 09/21/2005 | 26 | ANSWER to Crossclaim *of American Express Company* by Federal Insurance Company.(Corner, Mark) (Entered: 09/21/2005) |
| 09/20/2005 | | Judge Reginald C. Lindsay : ElectronicORDER entered granting 25 Motion for Leave to Appear Pro Hac Vice Added Danielle Aguirre for Federal Insurance Company (York, Steve) (Entered: 09/20/2005) |
| 09/20/2005 | | Filing fee: $ 50, receipt number 67019 regarding Pro Hac Vice (York, Steve) (Entered: 09/20/2005) |
| 09/16/2005 | 25 | MOTION for Leave to Appear Pro Hac Vice by Danielle Aguirre by Federal Insurance Company. (Attachments: # 1 Affidavit of Danielle Aguirre)(Corner, Mark) (Entered: 09/16/2005) |
| 09/14/2005 | 24 | JOINT STATEMENT re scheduling conference. (Farraher, John) (Entered: 09/14/2005) |
| 09/13/2005 | 23 | CERTIFICATION pursuant to Local Rule 16.1 *(D)(3)* by American Express Company, Inc..(Farraher, John) (Entered: 09/13/2005) |
| 08/25/2005 | 22 | NOTICE of Scheduling Conference Scheduling Conference set for 9/21/2005 02:30 PM in Courtroom 11 before Judge Reginald C. Lindsay. (Hourihan, Lisa) (Entered: 08/25/2005) |
| 08/04/2005 | | Case Reopened Terminated in error (York, Steve) (Entered: 08/04/2005) |
| 08/03/2005 | | Civil Case Terminated. (York, Steve) (Entered: 08/03/2005) |
| 08/03/2005 | 21 | Letter/request (non-motion) from Mark W. Corner. (York, Steve) |

| | | |
|---|---|---|
| | | (Entered: 08/03/2005) |
| 07/26/2005 | 20 | REPLY to Response to Motion re 7 MOTION to Dismiss *and Compel Arbitration* filed by Federal Insurance Company. (Attachments: # 1 Affidavit of Joanna Ficklin in Support of Defendant Federal Insurance Company's Reply Memorandum of Law in Further Support of its Motion to Dismiss and Compel Arbitration)(Corner, Mark) (Entered: 07/26/2005) |
| 07/25/2005 | | Judge Reginald C. Lindsay : Electronic ORDER entered granting 17 Motion for Leave to File. Counsel using the Electronic Case Files system should now file the document for which leave to file has been granted. (York, Steve) (Entered: 07/25/2005) |
| 07/20/2005 | | Judge Reginald C. Lindsay : Electronic ORDER entered granting 19 Motion for Extension of Time to 8/19/05 to File Reply to American Express' Crossclaim by Federal Insurance Company. (Hourihan, Lisa) (Entered: 07/20/2005) |
| 07/19/2005 | 19 | Assented to MOTION for Extension of Time to 8/19/05 to File Reply to American Express' Crossclaim by Federal Insurance Company.(Corner, Mark) (Entered: 07/19/2005) |
| 07/18/2005 | | Judge Reginald C. Lindsay : Electronic ORDER entered granting 18 Motion for Extension of Time to 7/20/05 to Respond to Defendant American Express Company's Crossclaims by Federal Insurance Company. (Hourihan, Lisa) (Entered: 07/18/2005) |
| 07/11/2005 | 18 | Assented to MOTION for Extension of Time to 7/20/05 to Respond to Defendant American Express Company's Crossclaims by Federal Insurance Company.(Corner, Mark) (Entered: 07/11/2005) |
| 07/08/2005 | 17 | Assented to MOTION for Leave to File *Additional Papers in Support of Motion to Dismiss and Compel Arbitration* by Federal Insurance Company. (Attachments: # 1 Defendant Federal Insurance Company's Reply Memorandum of Law in Further Support of Motion to Dismiss and Compel Arbitration# 2 Affidavit of Joanna Ficklin)(Corner, Mark) (Entered: 07/08/2005) |
| 06/22/2005 | | Judge Reginald C. Lindsay : Electronic ORDER entered granting 12 Motion for Extension of Time to 7/11/05 to File Answer re 9 Answer to Complaint, Crossclaim of the Defendant American Express Company, Inc. by Federal Insurance Company (Hourihan, Lisa) (Entered: 06/22/2005) |
| 06/21/2005 | 16 | DEMAND for Trial by Jury on the Issue of Arbitration by Altagracia J. Peguero. (Patch, Christine) (Entered: 06/21/2005) |
| 06/21/2005 | 15 | AFFIDAVIT of Kevin Donius re 13 Memorandum in Opposition to Motion to Dismiss and Compel Aribitration by Altagracia J. Peguero. (Patch, Christine) (Entered: 06/21/2005) |
| 06/21/2005 | 14 | AFFIDAVIT of Altagracia J. Peguero re 13 Memorandum in Opposition to Motion to Dismiss and Compel Arbitration by Altagracia J. Peguero. |

| | | |
|---|---|---|
| | | (Patch, Christine) (Entered: 06/21/2005) |
| 06/21/2005 | 13 | MEMORANDUM in Opposition re 7 MOTION to Dismiss *and Compel Arbitration* filed by Altagracia J. Peguero. (Patch, Christine) (Entered: 06/21/2005) |
| 06/20/2005 | 12 | Assented to MOTION for Extension of Time to 7/11/05 to File Answer re 9 Answer to Complaint, Crossclaim *of the Defendant American Express Company, Inc.* by Federal Insurance Company.(Corner, Mark) (Entered: 06/20/2005) |
| 06/16/2005 | | Judge Reginald C. Lindsay : Electronic ORDER entered granting 11 Motion for Extension of Time to File Response/Reply re 7 MOTION to Dismiss *and Compel Arbitration* Responses due by 6/21/2005 (Hourihan, Lisa) (Entered: 06/16/2005) |
| 06/15/2005 | 11 | Assented to MOTION for Extension of Time to June 21, 2005 to File Response/Reply as to 7 MOTION to Dismiss *and Compel Arbitration* by Altagracia J. Peguero, FILED, c/s.(Boyce, Kathy) (Entered: 06/15/2005) |
| 06/15/2005 | | Judge Reginald C. Lindsay : Electronic ORDER entered granting 5 Motion for Leave to Appear Pro Hac Vice Added H. Christopher Boehning for Federal Insurance Company (Hourihan, Lisa) (Entered: 06/15/2005) |
| 06/13/2005 | | Filing fee: Received $ 50.00, receipt number 64911 regarding Motion to Appear Pro Hac Vice by Attorney Boehning filed on 5/27/05 (Boyce, Kathy) (Entered: 06/14/2005) |
| 05/31/2005 | 10 | ADDENDUM re 7 MOTION to Dismiss *and Compel Arbitration (Exhibit 3 to Memorandum in Support)* filed by Federal Insurance Company. (Corner, Mark) (Entered: 05/31/2005) |
| 05/31/2005 | 9 | *Defendant American Express Company, Inc.'s* ANSWER to Complaint *Affirmative Defenses*, CROSSCLAIM against all defendants by American Express Company, Inc..(Farraher, John) (Entered: 05/31/2005) |
| 05/31/2005 | 8 | MEMORANDUM in Support re 7 MOTION to Dismiss *and Compel Arbitration* filed by Federal Insurance Company. (Attachments: # 1 Exhibit 1 and 2)(Corner, Mark) (Entered: 05/31/2005) |
| 05/31/2005 | 7 | MOTION to Dismiss *and Compel Arbitration* by Federal Insurance Company.(Corner, Mark) (Entered: 05/31/2005) |
| 05/27/2005 | 6 | STATE COURT Record. (Attachments: # 1 State Court Record Continued)(Abaid, Kim) (Entered: 05/31/2005) |
| 05/27/2005 | 5 | MOTION for Leave to Appear Pro Hac Vice by H. Christopher Boehning by Federal Insurance Company. (Attachments: # 1 Affidavit of H. Christopher Boehning)(Corner, Mark) (Entered: 05/27/2005) |
| 05/24/2005 | 4 | CORPORATE DISCLOSURE STATEMENT by Federal Insurance Company. (Corner, Mark) (Entered: 05/24/2005) |
| 05/18/2005 | | Judge Reginald C. Lindsay : Electronic ORDER entered granting 2 |

|  |  | Assented to Motion to Enlarge Time to Respond to First Amended Complaint American Express Company, Inc. answer due 5/31/2005; Federal Insurance Company answer due 5/31/2005. (Stanhope, Don) (Entered: 05/18/2005) |
| --- | --- | --- |
| 05/18/2005 | 3 | CORPORATE DISCLOSURE STATEMENT by American Express Company, Inc.. (Farraher, John) (Entered: 05/18/2005) |
| 05/17/2005 | 2 | MOTION for Extension of Time to 5/31/05 to File Answer by American Express Company, Inc., Federal Insurance Company.(Corner, Mark) (Entered: 05/17/2005) |
| 05/13/2005 |  | If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Collings. (Stanhope, Don) (Entered: 05/16/2005) |
| 05/13/2005 | 1 | NOTICE OF REMOVAL by American Express Company, Inc., The Sklover Group, Inc., Federal Insurance Company $ 250, receipt number 64273, filed by American Express Company, Inc., The Sklover Group, Inc., Federal Insurance Company. (Attachments: # 1 Civil Cover Sheet # 2 Exhibit A-State Court Complaints)(Stanhope, Don) (Entered: 05/16/2005) |

| PACER Service Center | | |
| --- | --- | --- |
| **Transaction Receipt** | | |
| 08/17/2007 10:44:37 | | |
| **PACER Login:** | gt0795 | **Client Code:** | 010668.060100 |
| **Description:** | Docket Report | **Search Criteria:** | 1:05-cv-10995-WGY |
| **Billable Pages:** | 11 | **Cost:** | 0.88 |

# Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

|  |  |
|---|---|
| ALTAGRACIA PEGUERO,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN EXPRESS COMPANY,<br>THE SKLOVER GROUP, INC. and<br>FEDERAL INSURANCE COMPANY,<br><br>    Defendants.<br><br>AMERICAN EXPRESS COMPANY,<br><br>    Third-Party Plaintiff,<br><br>    v.<br><br>HEALTHEXTRAS, LLC,<br><br>    Third-Party Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>Civil Action No. 05-10995-RCL |

---

MOTION OF THIRD-PARTY DEFENDANT HEALTHEXTRAS, LLC
TO DISMISS THIRD-PARTY COMPLAINT OF AMERICAN EXPRESS COMPANY
FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, third-party defendant

HealthExtras, LLC ("HealthExtras") respectfully moves to dismiss the third-party complaint of

American Express Company ("Amex") for failure to state a claim upon which relief can be

granted against HealthExtras. As grounds for this motion, HealthExtras states that the contract

that defines the relationship between Amex and HealthExtras, and that is the basis of Amex's

third-party complaint, includes a detailed, mandatory alternative dispute resolution process that

Amex failed to follow before resorting to litigation against HealthExtras. Under applicable New

York law, such contract provisions are fully enforceable, and stand as a condition precedent to one party's right to sue the other. The grounds for this motion are set forth more fully in HealthExtras' accompanying memorandum of law.

HEALTHEXTRAS, LLC

By its attorney,

_/s/  Donald R. Pinto, Jr._____
Donald R. Pinto, Jr., BBO No. 548421
RACKEMANN, SAWYER & BREWSTER
One Financial Center
Boston, Massachusetts  02111
(617) 542-2300

## CERTIFICATE UNDER LOCAL RULE 7.1(A)(2)

I hereby certify that I have attempted, by e-mail and telephone, to confer with counsel for third-party plaintiff American Express Company ("Amex") in good faith in an attempt to resolve or narrow the issues presented by this motion. I have been unable to reach either of Amex's counsel of record as of this date, which is the due date for my client's response to Amex's third-party complaint.

_____/s/ Donald R. Pinto, Jr._____
Donald R. Pinto, Jr.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

and paper copies will be sent to those indicated as non-registered participants on this date.


/s/ Donald R. Pinto, Jr.
Donald R. Pinto, Jr.


Dated:  April 17, 2006

3

Exhibit C

# Greenberg
# Traurig

Louis Smith
Tel. (973) 360-7915
Fax (973) 301-8410
smithlo@gtlaw.com

May 14, 2007

**VIA FACSIMILE**

Joseph M. Mott
Deputy General Counsel
HealthExtras, Inc.
800 King Farm Boulevard
Rockville, Maryland  20850

> Re: **American Express Travel Related Services Company, Inc.
> and Amex Assurance Company (collectively, "Amex")**

Dear Joe:

This letter is being sent in furtherance of our on-going settlement efforts.  It shall not be admissible in any proceeding for any purpose.

As I previously indicated, Amex will release any and all claims regarding the unearned premiums of approximately $1.4 million for the following:

1.    Amex Assurance shall take over the servicing function effective September 1, 2007.  HealthExtras ("HE") shall provide all assistance necessary to achieve that result, including but not limited to providing Amex Assurance with all enrollee data on or before June 1, 2007;

2.    HE shall absorb any costs relating to the transition and shall provide the requested 800 number to Amex;

3.    HE shall not be paid for servicing on or after September 1, 2007; and

4.    The parties shall execute mutually agreeable documentation addressing the above points, and which will address all other outstanding issues (including rights regarding developed materials and any outstanding issues regarding indemnification obligations).

ALBANY

AMSTERDAM

ATLANTA

BOCA RATON

BOSTON

BRUSSELS*

CHICAGO

DALLAS

DELAWARE

DENVER

FORT LAUDERDALE

HOUSTON

LAS VEGAS

LONDON*

LOS ANGELES

MIAMI

MILAN*

NEW JERSEY

NEW YORK

ORANGE COUNTY

ORLANDO

PHILADELPHIA

PHOENIX

ROME*

SACRAMENTO

SILICON VALLEY

TALLAHASSEE

TAMPA

TOKYO*

TYSONS CORNER

WASHINGTON, D.C.

WEST PALM BEACH

ZURICH

*Strategic Alliance
Tokyo-Office/Strategic Alliance

www.gtlaw.com

Greenberg Traurig, LLP | Attorneys at Law | 200 Park Avenue | P.O. Box 677 | Florham Park, NJ 07932-0677
Tel 973.360.7900 | Fax 973.301.8410

Joseph M. Mott
May 14, 2007
Page 2

_____

We look forward to HE's prompt response.

Sincerely yours,

Louis Smith

LBS/smh

Exhibit D

29-May-2007 04:05 PM   2402683128



HealthExtras, Inc.
800 King Farm Boulevard
Rockville, MD 20850
Telephone: 301.548.2900
Facsimile: 240.268.3120

May 29, 2007

Louis Smith, Esq.                                            *VIA FACSIMILE*
Greenberg Traurig LLP                               *AND OVERNIGHT EXPRESS*
200 Park Avenue
Florham Park, NJ 07932

Dear Lou:

My CEO wants to move the process forward with a face-to-face rather than having you and me go back and forth.  Attached is a letter he is sending to Naeemah Ruffin on this subject.

I remain available to discuss this matter with you, separate from any executive meeting. Please don't hesitate to call if you think we can make any progress.

Yours sincerely,

Joseph M. Mott
Deputy General Counsel



HealthExtras, Inc.
800 King Farm Boulevard
Rockville, MD 20850
Telephone: 301.548.2900
Facsimile: 240.268.3120

May 29, 2007

Ms. Naeemah Ruffin, Vice President &
    General Manager of Card Services, CCSG
American Express Travel Related Services Company, Inc.
200 Vesey Street
49th Floor
New York, NY 10285

*Via Facsimile Transmission*
*and Overnight Delivery*

Re:    Accidental Disability Plan

Dear Naeemah:

HealthExtras has reviewed the May 14, 2007 letter from your representatives at Greenberg-Traurig setting forth the latest proposal by American Express ("Amex") to resolve the ongoing disagreement over Amex's claim that additional monies are owed to it beyond what is stated in the parties' June 23, 2006 Letter Agreement. Our interpretation of the most recent offer is that it merely replaces Amex's claim for additional compensation with a corresponding reduction in the payments due HealthExtras under the terms of the Letter Agreement. That proposal is not acceptable to HealthExtras.

This issue has now been lingering for nine months with Amex continuing to refer to its claim as a "specter of breach." Meanwhile, HealthExtras has continued to fully honor its obligations under the Letter Agreement. Due to the length of time this issue has remained open as well as the lack of any progress toward a resolution, please consider this letter to be notice to Amex that a dispute has arisen between the parties, and HealthExtras' is electing to invoke the executive negotiation process under the dispute resolution procedure called for under Section 20(e)(i) of the 1999 Marketing Agreement. I would ask that you get back to me at your earliest opportunity so that we can finalize the scheduling for the executive meeting within the twenty day period specified under the Marketing Agreement.

Yours sincerely,

David T. Blair
Chief Executive Officer

cc: Joseph M. Mott, Deputy General Counsel

Exhibit E

# Greenberg Traurig

Louis Smith
Tel. (973) 360-7915
Fax (973) 301-8410
smithlo@gtlaw.com

June 15, 2007

**VIA FACSIMILE**

Joseph M. Mott
Deputy General Counsel
HealthExtras, Inc.
800 King Farm Boulevard
Rockville, Maryland 20850

> Re:   **American Express Travel Related Services Company, Inc.**
> **and Amex Assurance Company (collectively, "Amex")**

Dear Joe:

This letter is being sent in furtherance of our on-going settlement efforts. It shall not be admissible in any proceeding for any purpose.

With regard to David T. Blair's May 29, 2007, letter to Naeemah Ruffin, we reject the contention that the Alternate Dispute Resolution provision in the Marketing Agreement has any applicability to the present situation. In any event, Amex believes that in light of its latest position regarding proposed terms to resolve the present situation, executive level meetings are not necessary.

As I previously indicated, Amex is no longer seeking to have Amex Assurance take over the servicing function during this year. The time frame set forth in the Letter Agreement will control, and Amex Assurance will begin servicing effective January 1, 2008. Consistent with the Letter Agreement, HealthExtras ("HE") must provide all assistance necessary to achieve that result, including but not limited to providing Amex Assurance with all enrollee data on or before October 1, 2007.

Amex will release any and all claims regarding the unearned premiums of approximately $1.4 million in exchange for HE absorbing any costs relating to the transition and providing the requested 800 number to Amex.

Amex expects the parties will execute mutually agreeable documentation addressing the above points, and that such documentation will address all other outstanding issues (including rights regarding developed materials and any outstanding issues regarding indemnification obligations).

ALBANY
AMSTERDAM
ATLANTA
BOCA RATON
BOSTON
BRUSSELS*
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MIAMI
MILAN*
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PHILADELPHIA
PHOENIX
ROME*
SACRAMENTO
SILICON VALLEY
TALLAHASSEE
TAMPA
TOKYO*
TYSONS CORNER
WASHINGTON, D.C.
WEST PALM BEACH
ZURICH
*Strategic Alliance
Tokyo-Office/Strategic Alliance

www.gtlaw.com

Joseph M. Mott
June 15, 2007
Page 2

_____

We look forward to HE's prompt response.

Sincerely yours,

Louis Smith

LBS/smh

Exhibit F

 **HEALTH*EXTRAS***

HealthExtras, Inc.
800 King Farm Boulevard
Rockville, MD 20850
Telephone: 301.548.2900
Facsimile: 240.268.3120

June 21, 2007

Louis Smith, Esq.
Greenberg Traurig LLP                        *VIA FACSIMILE*
200 Park Avenue                        *AND OVERNIGHT EXPRESS*
Florham Park, NJ 07932

Dear Lou:

This letter responds to your June 15, 2007 correspondence to me.

Management at HealthExtras has reviewed Amex's latest offer and we are pleased that we seem to be moving closer to a final resolution of the parties' respective rights and obligations. As the Letter Agreement recited, and as you observed in your June 15th letter, there are still a number of outstanding items yet to be addressed. In that regard, I have drafted a Transition Services Agreement (as required by the Letter Agreement) which I am enclosing now for your review and comments. Please let me know if you need a soft copy forwarded by email.

I look forward to hearing back from you at your convenience and to finalizing the Agreement.

Yours sincerely,

Joseph M. Mott
Deputy General Counsel

Enclosure

## TRANSITION SERVICES AGREEMENT

THIS TRANSITION SERVICES AGREEMENT (the "Agreement") dated this 1st day of July, 2007, is made by and between HEALTHEXTRAS, INC., a Delaware corporation ("HEI"), and AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC., a New York corporation ("AMEX") on behalf of itself and its affiliate, AMEX ASSURANCE COMPANY, an Illinois insurance company ("AAC").

WHEREAS, HEI and AMEX entered into a Marketing Agreement dated September 17, 1999 (the "Marketing Agreement") pursuant to which AMEX retained HEI to provide to its cardholders a program of disability and travel medical care insurance as well as other non-insurance benefits with the package of benefits collectively known as the Accidental Disability Plan ("ADP"); and

WHEREAS, pursuant to the terms of the Marketing Agreement, AMEX reserved to itself the right to change the underwriter of one or more of the insurance benefits to an underwriter of its choosing including AMEX itself or one of its affiliates; and

WHEREAS, the parties entered into a Letter Agreement dated June 23, 2006 (the "Letter Agreement") by which HEI permitted AMEX to change the underwriter for the insurance benefit components (i.e., accidental permanent disability insurance, accidental death and dismemberment insurance and the emergency medical expense insurance) of the ADP without satisfying the pre-conditions for that change as specified in the Marketing Agreement, and further agreed to adjust the compensation formula on an interim basis to facilitate AMEX's desire to change the underwriter to its affiliate AAC; and

WHEREAS, the Letter Agreement expires on December 31, 2007; and

WHEREAS, AMEX wants to terminate the Marketing Agreement and receive Transfer Assistance services from HEI, in accordance with the termination provisions of the Marketing Agreement;

NOW, THEREFORE, in consideration of the premises and of the mutual covenants and promises contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

1.    Recitals.  All of the foregoing Recitals are incorporated herein by this reference with the same force and effect as though restated herein.

2.    Defined Terms.  Capitalized terms used in this Agreement and not otherwise defined herein shall have the meanings set forth in the Marketing Agreement.

3.    Termination of the ADP and Marketing Agreement.  The parties agree to mutually terminate the Marketing Agreement and the Letter Agreement as of December 31, 2007.

4.    Transfer Assistance.

(a)    Prior to December 31, 2007, AMEX will notify the Enrollees acquired

1

during the term of the Marketing Agreement that effective January 1, 2008 it has elected to terminate its contractual relationship with HEI and its further participation in the ADP. The notice will specify that the Enrollee may continue as a member in the ADP program for up to two (2) years beyond the December 31, 2007 termination date. The language of the notification must be approved by HEI in advance. AMEX shall be solely responsible for any costs associated with the preparation and mailing of the notice to Enrollees.

(b)     In accordance with paragraph 18(b)(vi)(i) of the Marketing Agreement, HEI will continue to provide the ADP to AMEX Enrollees in accordance with the Performance Standards for the remainder of an Enrollee's enrollment period up to a maximum of two (2) years from the effective termination date specified in paragraph 3 of this Agreement. HEI will be compensated for continuing to provide the ADP to Enrollees pursuant to compensation formula set forth in the Marketing Agreement.

(c)     The parties acknowledge that HEI has provided AMEX access to, or use of, HEI's product descriptions, databases, reports, marketing studies, actuarial analyses and benefit plans (collectively, the "ADP Materials"). In accordance with paragraph 18(b)(vi)(ii) of the Marketing Agreement, HEI will transfer the ADP Materials to AMEX during the one hundred and eighty (180) day period after expiration of the Enrollees' remaining enrollment period.

(d)     AMEX shall be responsible for, and pay all, costs and expenses incurred directly by HEI on behalf of AMEX for Transfer Assistance with regard to the ADP Materials. Payment of such costs and expenses shall be made pursuant to Section 5 of this Agreement.

5.     <u>Fee for Transfer Assistance</u>.  Exclusive of the compensation to HEI set forth in paragraph 4(b) above, AMEX shall pay HEI a fee based on time and materials expended in providing the Transfer Assistance outlined in paragraph 4(c). HEI agrees to be responsible for any taxes (including, but not limited to, federal and state income or profit taxes, sales and use taxes, ad valorem taxes, gross receipts taxes, business license taxes, or real and personal property taxes) due to any U.S. taxing authority, if any, in connection with the Fee for Transition Services and the compensation formula payment under paragraph 4(b) above, *provided, however,* that AMEX remains responsible for any tax liability arising from operations during the terms of this Agreement, and nothing herein shall serve to modify, reduce or offset the compensation formula set forth in paragraph 4(b) above, or for fees owed to HEI in connection with the Transfer Assistance.

6.     <u>Use of HEI Developed or Jointly Developed Materials</u>.  Exhibit G to the Marketing Agreement prohibits any use of HEI Developed Materials or Jointly Developed Materials (if any) upon termination of the Marketing Agreement except as otherwise agreed to by the parties. AMEX acknowledges that all of the items set forth in the attached Schedule A constitute either HEI Developed Materials or Jointly Developed Materials and that AMEX will not use those Materials in any future promotions of any program similar to or patterned after the ADP unless AMEX and HEI otherwise agree upon the terms of a licensing agreement. AMEX further acknowledges that HEI is not restricted from offering any particular benefit level or pricing in marketing HEI's ADP after December 31, 2007 including, but not limited to the $1.5 million benefit level for accidental permanent total disability insurance.

7.     <u>Indemnification Obligations For Claims or Actions By Covered Enrollees</u>.  AMEX

2

and HEI incorporate by reference the indemnification procedure set forth in paragraph 5 of the Letter Agreement for any claims or suits asserted in connection with the ADP against either or both of the parties by or on behalf of a covered Enrollee.

8.    Scope of Agreement; Relationship of the Parties.   The relationship between AMEX and HEI under this Agreement is that of independent contractors.  Nothing contained in this Agreement or otherwise shall be construed to constitute or create a partnership, agency relationship or joint venture between HEI and AMEX or AAC.  No party has the power or authority to act on behalf of any other party, except as expressly set forth in this Agreement, or as authorized in writing by the other party.  Each party hereto shall maintain insurance coverage in scope and amounts usual and customary with respect to all matters hereunder.

9.    Term and Termination.   The term of this Agreement shall begin on January 1, 2008 and continue for the remainder of the Enrollees' enrollment period up to a maximum of two (2) years with an expiration date no later than December 31, 2009.  The Agreement will continue in force for such term or until earlier terminated as follows:  (a) upon the written agreement of both parties to this Agreement; (b) upon the dissolution, bankruptcy or insolvency of either party; or (c) upon thirty (30) days' prior written notice from either party hereto, in the event of the other party's default in performance of any obligation hereunder, and such default continues and is not cured within thirty (30) days after written notice by the non-defaulting party to the defaulting party, which notice shall specify, in reasonable detail, the default.

10.    Representations and Warranties.  AMEX and HEI each warrant and represent that there are no known breaches, defaults violations, or disputes (and no event has occurred that with notice or the lapse of time or both would constitute a breach, default, violation or dispute) of any term, condition or provision of any applicable agreement governing the parties relationship or the administration of the ADP.

11.    Mutual Release.  Subject to the terms and conditions set forth herein, AMEX discharges, acquits and hereby releases HEI (collectively and individually) from any and all claims, demands, debts, damages, liabilities, duties, promises, claims for attorneys' fees and causes of action of any kind whatsoever, in law or in equity, whether or not known or previously asserted, which AMEX ever had, now has, or hereafter may have based on any conduct alleged or which could have been alleged through the date of this Agreement including, but not limited to, any claims or actions relating to the Marketing Agreement, the Letter Agreement and/or the ADP.

Subject to the terms and conditions set forth herein, HEI discharges, acquits and hereby releases AMEX (collectively and individually) from any and all claims, demands, debts, damages, liabilities, duties, promises, claims for attorneys' fees and causes of action of any kind whatsoever, in law or in equity, whether or not known or previously asserted, which HEI ever had, now has, or hereafter may have based on any conduct alleged or which could have been alleged through the date of this Agreement including, but not limited to, any claims or actions relating to the Marketing Agreement, the Letter Agreement and/or the ADP.

12.    Indemnification With Respect To Transition Assistance Obligations.  HEI shall not be liable to AMEX or AAC for any act or omission on its part or in connection with the

3

provision of the Transfer Assistance described in paragraph 4 above, unless such act or omission is the sole result of HEI's gross negligence or intentional misconduct. Each party hereto covenants and agrees to indemnify the other, and its affiliates, directors, officers, employees and representatives, and each of their heirs, personal representatives, successors and assigns, and defend and hold them harmless from, against and in respect of, any and all costs, losses, claims, liabilities, fines, penalties, taxes, damages and expenses, including interest which may be imposed in connection therewith and court costs and reasonable fees and disbursements of counsel, resulting from, arising out of or incurred by the other in connection with any breach of any of the covenants and agreements of such party under this Agreement.

13.    _Confidentiality and Non-Disclosure_.  Each party hereby covenants and agrees with the other that, except as may be required by law, rule or regulation, or required in order to fulfill such party's obligations under this Agreement, such party shall not at any time reveal, divulge, disclose or make known to any person (other than the parties and their respective affiliates or the respective accountants or legal counsel) any confidential or proprietary information concerning the other that was obtained in connection with performance of this Agreement, the Marketing Agreement or the Letter Agreement.  The obligations of confidentiality under this Section 13 shall not apply with respect to any portions of such information that becomes public knowledge without breach of this Agreement or other agreements concerning confidentiality.

14.    _Waivers_.  The waiver by any party hereto of a breach of any provision of this Agreement shall not operate or be construed as a waiver of any subsequent breach.

15.    _Binding Effect; Benefits_.  This Agreement shall inure to the benefit of the parties hereto and shall be binding upon the parties hereto and their respective successors and permitted assigns. Except as otherwise set forth herein, nothing in this Agreement, expressed or implied, is intended to confer on any person other than the parties hereto, or their respective successors and assigns, any rights, remedies, obligations or other liabilities under, or by reason of, this Agreement.

16.    _Entire Agreement_.  This Agreement, together with the Marketing Agreement and the related documents referenced therein, supersede all prior agreements and understandings, oral and written, among the parties hereto with respect to the subject matter hereof, and constitutes the entire agreement of the parties as to the matters set forth herein and therein.

17.    _Headings_.  The section and other headings contained in this Agreement are for convenience of reference purposes only and shall not be deemed to be a part of this Agreement or to affect the meaning or interpretation of this Agreement.

18.    _Counterparts_.  This Agreement may be executed in one or more counterparts, and by different parties on different counterparts, each of which, when executed, shall be deemed to be an original and all of which together shall be deemed to be one and the same instrument. This Agreement shall become effective once an original counterpart hereof has been executed by each of the parties hereto, whether or not all signatures appear on the same counterpart. Any party may deliver an executed counterpart of this Agreement by facsimile transmission to the other, and such delivery shall be valid and binding between the parties upon such transmission. Any

4

party delivering this Agreement by facsimile transmission shall forthwith thereafter deliver an original signed counterpart hereof to the other party.

19.   _Governing Law and Venue_.  This Agreement shall be construed as to both validity and performance and enforced in accordance with and governed by the laws of the State of Delaware without giving effect to the choice of law principles thereof.  The parties agree that venue for any action arising out of or relating to this Agreement shall be only in a state or federal court sitting within the State of Delaware.  The parties hereby jointly and severally consent and submit to the personal jurisdiction of said courts for that purpose and hereby specifically waive any other jurisdiction and any claim or objection that such action has been brought in an inconvenient forum.

20.   _Severability_.  If any term, covenant, condition or provision of this Agreement or the application thereof to any circumstance shall be invalid or unenforceable to any extent, the remaining terms, covenants, conditions and provisions of this Agreement shall not be affected thereby and each remaining term, covenant, condition and provision of this Agreement shall be valid and shall be enforceable to the fullest extent permitted by law.  If any provision of this Agreement is so broad as to be unenforceable, such provision shall be interpreted to be only as broad as is enforceable.

21.   _Amendments_.  This Agreement may not be modified, amended or terminated except by a written instrument signed by all of the parties hereto.

22.   _Assignment_.  Either party may assign its rights and obligations under this Agreement to any direct or indirect subsidiary or such party, provided that such assignment or conveyance shall not affect any obligations of such party under this Agreement, and any obligations of such party under this Agreement assumed by such subsidiary shall be guaranteed by such party.  There shall be no other assignment of this Agreement without the prior consent of the parties hereto.

23.   _Construction of this Agreement_.  This Agreement is a document negotiated at arm's length by the parties and their respective advisors.  This Agreement shall not be construed as having by "drafted" by any one party and shall not be construed against any party as a drafting party.  The interpretation, application, meaning or construction of any of the terms or provisions of this Agreement shall be construed pursuant to the terms hereof, without bias in favor of or against any party hereto, and regardless of the party who drafted or prepared such term or provision.

24.   _Notices_.  All notices, requests, demands and other communications shall be in writing and shall be delivered personally or by overnight delivery service to the following addresses:

If to Amex:

    American Express Travel Related
        Services Company, Inc.
    49th Floor
    200 Vesey Street

With a copy to:

    American Express Travel Related
        Services Company, Inc.
    49th Floor
    200 Vesey Street

5

New York, NY 10285
Fax: (212) 640-0143
Attn: VP Card Services

New York, N.Y. 10285
Fax: (612) 547-1664
Attn: General Counsel's Office

If to HEI:

HealthExtras, Inc.
Attn: David T. Blair, CEO
800 King Farm Boulevard
4th Floor
Rockville, MD 20850
Fax: (240) 268-3120

With a copy to:

HealthExtras, Inc.
Attn: General Counsel
800 King Farm Boulevard
4th Floor
Rockville, MD 20850
Fax: (240) 268-3119

25.    <u>Controlling Document</u>.  With respect to the specific transition matters addressed in this Agreement, and in the event of any inconsistency between this Agreement and the Marketing Agreement on such specific transition matters, the provisions of this Agreement shall control over the Marketing Agreement provisions except to the extent any provisions of the Marketing Agreement are incorporated or otherwise referenced in this Agreement in which case the referenced provisions of the Marketing Agreement shall control.  Nothing in the foregoing sentence shall pertain to any transition matters not specifically addressed in this Agreement.

IN WITNESS WHEREOF, the undersigned have executed this Agreement as of the date and year first above written.

HEALTHEXTRAS, INC.

American Express Travel Related Services Company, Inc.

AMERICAN EXPRESS TRAVEL RELATED
SERVICES COMPANY, INC.

By:_____
    Name:  David T. Blair
    Title:    Chief Executive Officer

By:_____
    Name:  Naeemah Ruffin
    Title:    Vice President & General
           Manager of Card Services

6

SCHEDULE A

SCHEDULE OF HEI/JOINTLY DEVELOPED MATERIALS

### HealthExtras' Marketing Materials/Quotes

**Overall language that pertains to all direct marketing channels (e.g., Direct Mail, Telemarketing Scripts and Inserts); including overall concept, design and format.**

**Phrase 1:** $1.5/$1 million "in one lump sum"...

**Phrase 2:** "The money is paid directly to you in addition to any other coverage that you may have for the same covered loss."

**Phrase 3:** Pertaining specifically to Direct Mail: "You're covered with up to $1.5/$1 Million if a covered accident leaves you permanently and totally disabled.

**Phrase 4:** "Health Insurance pays your medical bills. Life insurance pays your beneficiaries. But what if you you're unable to work for one year due to a permanent disability from an accidental injury? Who will pay the mortgage? The kids' tuition? The weekly grocery bills? And the medical bills insurance won't pay?"

**Phrase 5:** "You can help ease the economic impact of a permanent and total disability" or "you can help prevent a personal tragedy from becoming a financial tragedy" or "with the Accident Disability/Protection Plan, a personal tragedy doesn't have to be a financial tragedy".

**Phrase 6:** "Have you ever considered the costs associated with a permanent total disability? Did you know that the average lifetime health care and living expenses for an individual who becomes a paraplegic ranges between $650,000 to $1,000,000 depending on your age at the time of accident?  In fact, in just ten years, these costs have doubled.  And this is at a time when your wages may be eliminated or reduced due to your permanent total disability."

**Phrase 7:** "And, you can use the money for anything you need [want], from medical bills and deductibles, to your mortgage, [to food,] household bills, childcare costs, [to your car payment; anything!!!] or however you wish."

**Phrase 8:** "Catastrophic accidents are more common than you might think."

**Phrase 9:** "If you are ever permanently totally disabled in a covered accident while enrolled in the Accident Protection Plan you will have important insurance protection to fall back on."

**Phrase 10:** "Enroll now for $XX.XX per month and protect yourself from a financial tragedy."

**Phrase 11:** "Even if you have health insurance, a catastrophic accident can cut off your income and wipe out your savings. But with the Accident Protection Plan, a personal tragedy does not have to be a financial tragedy."

1

**Phrase 12:** "Get covered with $1.5/$1 million if you are permanently totally disabled as a result of an accident."

**Phrase 13:** "Living with a permanent total disability is expensive. Beyond the costs of medical care and rehabilitation, there are costs associated with daily living…costs that could potentially wipe out a family's savings, even if you already have primary and disability insurance."

## All Christopher and Dana Reeve (in quotations or text format – i.e., in statement format). These include but are not limited to:

1. "We never anticipated how expensive a permanent total disability could be. Please do not let an accident financially devastate your family."

2. "In an instant, an accident can change your life. Now, it doesn't have to bankrupt your family."

3. "Most people don't think about disability coverage until it's too late. Please don't put this off."

4. "I didn't think about disability coverage until it was too late. Please don't put this off."

5. "Instantly - an accident can change your life forever. Now it doesn't have to bankrupt your family [or your business.]" or "Instantly - an accident can change your life forever. Don't let it financially devastate your family [or your business.]"

6. "Modern Medicine can save your life – don't let it bankrupt your family."

7. "Living with a permanent total disability is expensive. That's why Christopher endorsed the Accident Protection Plan from 1997-2004 and why I choose to carry on his legacy."

8. "It is essential to be protected in the event an accident leaves you permanently totally disabled. Please don't put this off."

## Pertaining Specifically to Direct Mail:

1. **Johnson Box Format and Design to Include:**

   1.1. "You're covered with up to $1.5/$1 Million if a covered accident leaves you permanently and totally disabled.

   1.2. "You're covered with a $1,000,000 cash payment if you are permanently totally disabled as a result of an accident."

2. **Outer Envelope**

   2.1. Format/layout of program name/program fee

2

Exhibit G

# CALINOFF & KATZ LLP

Robert A. Calinoff
RCALINOFF@CANDKLAW.COM

August 8, 2007

**VIA FACSIMILE**
Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan United States Courthouse
United States District Court for the Southern
District of New York
500 Pearl Street
Room 2270
New York, N.Y. 10007

Re:    American Express Travel Related Services Company, Inc. *vs* HealthExtras, Inc.
       Civil Action No. 07 CV 6986 (NRB)

Dear Judge Buchwald:

We are counsel to, Defendant, HealthExtras, Inc. in the above matter. We are writing to request an extension of the time requirements set forth in the Show Cause Order entered by the Court on Monday, August 6, 2007. In accordance with paragraph 1(E) of the Court's Individual Practices, we represent as follows:

1.  This action was filed on Friday, August 3, 2007. On Monday, August 6, 2007 the Court granted the Plaintiff's *ex parte* Order to Show Cause for Preliminary Injunction setting the following dates: HealthExtras' answering papers due by August 15, 2007 at noon; American Express' reply papers due by August 20, 2007 at noon; and a Show Cause Hearing before the Court scheduled for August 22, 2007 at 10:30 a.m.

2.  There have been no previous requests for adjournment or extension by HealthExtras. HealthExtras has not to date been served with, process, to our knowledge. The answering papers will be its initial response in the case.

3.  This is the first request for an extension. There have been no prior grants or denials of a request for extension of time.

4.  A request for extension of time was made by our co-counsel, Joseph M. Mott, to counsel for American Express, Louis Smith, on Tuesday, August 7, 2007. Mr. Mott advises that he requested that HealthExtras be permitted to file its papers 8 business days later, on or before Monday, August 27, 2007 with American Express' reply due by August 31, 2007, and the Show Cause Hearing, subject to the Court's schedule, to be set during the week of September 4 – 7,

**CALINOFF & KATZ LLP**
Honorable Naomi Reice Buchwald
August 8, 2007
Page 2

2007, or the following week, September 10 - 14, 2007. After conferring with his client, Mr. Smith advised Mr. Mott that American Express would not consent to any extension of time, citing his client's belief that it needs the information, at issue, provided by October 1, 2007 in order to ensure that his client could take control of HealthExtras' accidental disability plan program by January 1, 2008. Mr. Mott responded by stating to Mr. Smith that there is no basis for concluding that, if the Court ordered the relief American Express seeks in early September, that the American Express' deadline of October 1, 2007 could not be met, and secondly, that the October 1, 2007 and January 1, 2008 deadlines were artificial deadlines set by American Express. He then informed Mr. Smith that HealthExtras was prepared to continue to provide the needed services to continue the program as currently administered for the indefinite future, and consequently, the only true consideration involved in the transfer was an economic issue. Mr. Smith's response was to repeat his concern that American Express be able to take complete control over the HealthExtras program by January 1, 2008.

HealthExtras requests this modest extension of time in order to familiarize outside counsel with the facts and background of the case and to prepare its response to American Express' Motion for Preliminary Injunction, as well as to prepare and file other related pleadings. In view of the fact that HealthExtras was only made aware of the pendency of this action 3 business days ago, HealthExtras respectfully requests that the Court grant its request for an extension of time. A proposed Revised Show Cause Order is attached, and counsel are available for a telephone conference if required by the Court.

Yours sincerely,

Calinoff & Katz, LLP

By: _____
Robert A. Calinoff, Esq.

RAC/slb
cc:  Louis Smith, Esq., Greenberg & Traurig LLP (via facsimile)
     Joseph M. Mott, Esq, HealthExtras, Inc.
     Thomas A. Lynch, Esq., Miles & Stockbridge, PC
     E. Hutchinson Robbins, Esq., Miles & Stockbridge, PC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMERICAN EXPRESS TRAVEL           *
RELATED SERVICES COMPANY, INC.
                                  *    CIVIL ACTION NO.:
                    Plaintiff,         07CV6986
                                       (NRB)
         -against-.                *

                                  *

HEALTHEXTRAS, INC.                *    REVISED ORDER TO
                                       SHOW CAUSE FOR
                    Defendant.         PRELIMINARY
                                  *    INJUNCTION OR, IN
                                       THE ALTERNATIVE, A
  *     *     *     *     *     *     *     *    WRIT OF REPLEVIN     *     *

Upon consideration of Defendant's request for an extension of time, and for good

cause shown, this Court's Order to Show Cause for Preliminary Injunction or, in the

Alternative, a Writ of Replevin is hereby revised as follows.

It is ORDERED that the above named Defendant, HealthExtras, Inc.

("HealthExtras"), show cause before the Honorable Naomi Reice Buchwald in

Courtroom 21A at United States Courthouse, Southern District of New York, 500 Pearl

Street, New York City, New York, on **September** ____, **2007**, at _____ o'clock in the

____ noon thereof, or as soon thereafter as counsel may be heard, why a preliminary

injunction should not be issued pursuant to Rule 65 of the Federal Rules of Civil

Procedure or, in the Alternative, a Writ of Replevin, requiring that HealthExtras provide

to Plaintiff American Express Travel Related Services Company, Inc. ("AXP") by no

later than October 1, 2007, certain documents and information demanded by AXP; and it

is further

1

ORDERED that HealthExtras' answering papers, if any, shall be filed with the Clerk of this Court (courtesy copy directly to chambers) and served upon the attorneys for Plaintiff by **August 27, 2007**, by noon, and it is further

ORDERED that AXP's reply papers, if any, shall be filed with the Clerk of this Court (courtesy copy directly to chambers) and served upon the attorneys for Defendant by **August 31, 2007**, by noon.

DATED: _____, 2007
New York, New York

ISSUED: _____.M.

_____
Judge, United States District Court
Southern District of New York

2